IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAUREN D. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-2629-HLT |
| | ) |
| AMAZON, | ) |
| | ) |
| Defendant. | ) |

## **ORDER AND REPORT AND RECOMMENDATION**

The pro se plaintiff, Lauren D. Johnson, filed this employment-discrimination action against defendant, Amazon. Plaintiff has moved to proceed with this action *in forma pauperis* (ECF No. 3). The undersigned U.S. Magistrate Judge, James P. O'Hara, respectfully recommends that the motion be denied. Plaintiff has also moved for the appointment of counsel (ECF No. 4), which the court denies.

Motion to Proceed In Forma Pauperis

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed *in forma pauperis*, the movant must

---

[1] 28 U.S.C. § 1915(a)(1).

show a financial inability to pay the required filing fees.[2] "One need not be 'absolutely destitute' to proceed [*in forma pauperis*], but [*in forma pauperis*] need not be granted where one can pay or give security for the costs 'and still be able to provide himself and dependents with the necessities of life.'"[3] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right─fundamental or otherwise.'"[4] The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[5]

Plaintiff's affidavit of financial status indicates that although their income is "not large, it allow[s] some discretionary spending money."[6] Plaintiff is employed and earns a net income of approximately $3,000 a month.[7] Plaintiff's spouse, whom presumably shares in the families' expenses, earns a net income of $1,800 a month. They own two vehicles and a house. Plaintiff's monthly expenses total approximately $4,700. Further, plaintiff notes in the motion to appoint counsel that they "are able to pay" an attorney.[8]

---

[2] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *United States v. Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. Jan. 26, 2006).

[3] *Lewis v. Center Market*, 378 F. App'x 780, 785 (10th Cir. 2010) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

[4] *Green v. Suthers*, No. 99-1447, 208 F.3d 226 (table), 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[5] *Garcia*, 164 Fed. App'x at 786 n.1. *See also Lister*, 408 F.3d at 1312 ("[W]e review the district court's denial of IFP status for an abuse of discretion.").

[6] *Lewis*, 378 F. App'x at 785.

[7] It is unclear from the present record whether plaintiff still works at Amazon. The complaint says so, but plaintiff has listed their weekly income from Amazon as "previous employment" and their income from 24/7 Express logistics as their current employment. ECF No. 3-1 at 2-3.

[8] ECF No. 4 at 3.

Although it is a close call, based on this information, the undersigned concludes that plaintiff has sufficient financial resources to pay the court's filing fees. Accordingly, pursuant to *Lister v. Dept. of Treasury*,[9] the undersigned hereby issues this report and recommendation to the presiding U.S. District Judge, Holly L. Teeter, that plaintiff's motion to proceed *in forma pauperis* be denied and that plaintiff be permitted to pay the requisite filing fee in three equal monthly installments. If plaintiff does not pay the fee, the undersigned recommends that this case be dismissed without prejudice.

Motion for Appointment of Counsel

Plaintiff also has filed a motion for appointment of counsel (ECF No. 4). In civil actions such as this one, there is no constitutional right to appointed counsel.[10] However, "under 28 U.S.C. § 1915(e)(1), a district court has discretion to request counsel to represent an indigent party in a civil case."[11] The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of counsel would be fundamentally unfair.[12] "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the

---

[9] 408 F.3d at 1312 (holding that because denial of *in forma pauperis* is a dispositive decision, the magistrate judge should issue a report and recommendation to the district judge rather than deciding the issue outright).

[10] *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

[11] *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x. 707, 712 (10th Cir. 2008) (upholding denial of defendant's motions for counsel).

[12] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

3

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [his or her] claims, and the complexity of the legal issues raised by the claims."[13] The court also considers the efforts made by the litigant to retain their own counsel.[14]

The court does not find it appropriate to appoint counsel for plaintiff.  While it appears plaintiff has diligently attempted to find counsel, other factors weigh against appointing counsel. The factual and legal issues in this case are not extraordinarily complex.  The papers prepared and filed by plaintiff indicate an ability to present this case without the aid of counsel, particularly given the liberal standards governing pro se litigants.  The court has no doubt that Judge Teeter will be able to discern the applicable law.  It does not appear that this case presents any atypical or complex legal issues. Plaintiff's request for appointment of counsel is therefore denied at this time.

Plaintiff, within 14 days after being served with a copy of this order, may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the order.  Plaintiff must file any objections within the 14-day period allowed to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

IT IS SO ORDERED.

December 14, 2020, at Kansas City, Kansas.

s/ James P. O'Hara

---

[13] *Id.*

[14] *Lister v. City of Wichita, Kan.*, 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992)); *Tilmon v. Polo Ralph Lauren Factory Store*, No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

5

James P. O'Hara
U. S. Magistrate Judge